(No. 4104— ▬▬▬▬▬▬

COUNTY OF WILL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 19, 1949.*

HON. JOHN IRVING PEARCE, State's Attorney, County of Will, State of Illinois, for Claimant.

HON. IVAN A. ELLIOTT, Attorney General, for Respondent.

LANSDEN, J.

Claimant, the County of Will, Illinois, by Elmer J. Stephen, chairman of its Board of Supervisors, and by its State's Attorney, filed its verified complaint on July 9, 1948, making claim to the sum of $561.50 due claimant from respondent.

Jurisdiction is specifically conferred upon this Court in this type of case by Illinois Revised Statutes (1947), Chapter 65, Sections 37, 38 and 39; Chapter 37, Section 439.8.

Claimant seeks to recover from respondent under the authority of Sections 37, 38 and 39 of Chapter 65 of the Illinois Revised Statutes (1947), entitled "An Act to provide for imbursement (reimbursement) of counties within the State of Illinois for expenses, costs and fees incurred in habeas corpus proceedings in the courts of such counties involving non-residents of such counties who may be confined in State penal or charitable institutions."

Section 37 provides that the State of Illinois shall assume and pay to each county, wherein there is situated a State penal or charitable institution, the necessary expenses incurred by it and its officers, either by means of service rendered or otherwise, by reason of court proceedings in such county involving petitions for a Writ of Habeas Corpus, by or on behalf of, an inmate of a State penal or charitable institution who was not a resident of such county at the time of his commitment and was not committed by any court therein.

The complaint complies with the provisions of Section 38 of the aforesaid statute, which requires the filing, by the appropriate State's Attorney, of a verified and itemized claim in this Court.

Section 39 of said statute defines the word "expenses" used in Section 37 to include all statutory costs and fees of county officers and the expenses incurred in providing juries, if any. Said section further provides that the money paid in payment of an award of this Court pursuant to this statute shall be treated and accounted

for as earnings of the office of the respective county officers.

The complaint alleges that the County of Will has situated within its borders the Illinois State Penitentiary, being a State penal institution. Exhibit "A" attached to the complaint lists one hundred and five individual petitions for Writs of Habeas Corpus filed by inmates of the Illinois State Penitentiary, which were presented to the Circuit Court of Will County, Illinois. Exhibit "A" further lists the $5.00 filing fee of the Clerk of the Circuit Court as provided by Section 31, Chapter 53 of the Illinois Revised Statutes (1947) for each petition. Exhibit "A" itemizes also total charges of $36.50 for photostatic copies of petitions required for seven of said petitions, photostatic copies of which were made at the request of the Attorney General. The case number of each petition, the name of the petitioner, the filing date of the petition, as well as the county of commitment of the respective petitioners, are set forth. The complaint alleges the respective petitioners were neither residents of Will County at the time of their commitment to the Illinois State Penitentiary, nor committed by any court of the County of Will, and that the instant claim has never been presented to any State department or officer or to any person, corporation or tribunal.

The above allegations of the verified complaint are not disputed; they are substantiated by the testimony of Paul V. Wunder, Jr., Clerk of the Circuit Court of Will County, Illinois, and the records of the office of the Clerk of the Circuit Court of Will County, Illinois, described as General Docket and Record, Volumes 22 and 23, produced at the hearing held in the proceedings.

Mr. Wunder also testified that all petitioners in the petitions itemized in Exhibit "A" had been given leave

to file as poor persons, but that prior to the granting of such leave, a local rule of court provided that each petition must be accompanied by a statement from the record office of the penal institution showing the amount of money on deposit to petitioner's credit and if petitioner had sufficient funds on deposit, leave to file as a poor person was denied. Thereupon, the petition was returned to the penal institution from which it was sent stating that the petition must be accompanied by a check in the sum of $5.00 before it could be filed.

The County of Will is entitled to an award for the reimbursable expenses claimed.

An award is therefore entered in favor of the County of Will, State of Illinois, in the sum of Five Hundred Sixty-one Dollars and Fifty Cents ($561.50).